**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Schaffer,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Unknown Gardner, et al.,<br><br>　　　　Defendants. | No. CV-21-08120-PCT-GMS<br><br>**ORDER** |

Before the Court is Plaintiff Joseph Schaffer's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. 2), and Motion for Remand, (Doc. 9). Also pending is Defendants' Joint Motion to Dismiss Complaint or, in the Alternative, for Summary Judgment. (Doc. 6.) For the following reasons, the Plaintiff's Motion to Remand is granted and the remaining motions are denied as moot.

## DISCUSSION

Federal courts are courts of limited jurisdiction. They have subject-matter jurisdiction only over those matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

The Notice of Removal states that the present action arises under "the Constitution, laws, or treaties of the United States." (Doc. 1 at 3). A review of the complaint, however,

reveals that Plaintiff alleges a dispute over property rights. The dispute does include a federal question; "[f]ederal land patents . . . do not provide bases for federal question jurisdiction." *Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000); *see Shulthus v. McDougal*, 225 U.S. 561, 570 (1912) ("A controversy in respect of lands has never been regarded as presenting a federal question merely because one of the parties to it has derived his title under an act of Congress."); *Brainard v. Willmon*, No. 1:10-CV-01126, 2010 WL 3768140, at *5 (E.D. Cal. Sept. 22, 2010) (collecting cases and concluding that the principle "that federal land patents do not confer federal question jurisdiction has been repeatedly reaffirmed by the Supreme Court, the Ninth Circuit, and other lower courts"). Moreover, the assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). As Plaintiff's complaint alleges a purely state-law claim, Plaintiff's Motion to Remand is granted. 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Joseph Schaffer's Motion for Remand, (Doc. 9), is **GRANTED.** The Clerk of the Court is directed to remand this action back to the Superior Court in and for the County of Yavapai.

**IT IS FURTHER ORDERED** that Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. 2), is **DENIED** as **moot.**

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to Dismiss Complaint or, in the Alternative, for Summary Judgment, (Doc. 6), is **DENIED** as **moot.**

Dated this 11th day of August, 2021.

_____
G. Murray Snow
Chief United States District Judge